IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN RECOVERY SERVICE and INTERNATIONAL RECOVERY SYSTEMS, INC.,<br><br>    Defendants. | CIVIL ACTION<br><br>NO. 2:24-cv-01591-KSM |

<u>MEMORANDUM</u>

**Marston, J.**                                                                                                          **October 4, 2024**

*Pro se* Plaintiff Gary Johnson brings claims against Defendants American Recovery Service ("ARS") and International Recovery Systems, Inc. ("IRS") for violations of the Federal Fair Debt Collection Practices Act (the "FDCPA") and for state law torts of conversion and civil conspiracy. (Doc. No. 8.) Defendants have moved to dismiss Johnson's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, Defendants' motion is granted, and Plaintiff's Amended Complaint is dismissed without prejudice.

**I.    BACKGROUND**

This is a vehicle repossession dispute. On April 27, 2021, Johnson financed a 2019 Jaguar F-Pace through a retail installment sales contract with the Jaguar dealership. (Doc. No. 8 at ¶7; Doc. No. 15-1 at 2.) Johnson alleges that the dealership "immediately" assigned his installment contract to nonparty Bank of America. (Doc No. 8 at ¶ 8.) Bank of America later found that "Plaintiff was in default under the contract" and took steps to repossess the vehicle. (*Id.* at ¶ 9.) Specifically, on December 14, 2022, Bank of America issued a repossession order to

ARS, who in turn, assigned the task of physically repossessing the vehicle to IRS.  (*Id.* at ¶¶ 10–11.)  IRS successfully repossessed the vehicle and held it in its private lot until Bank of America sold it to a third party.  (*Id.* at ¶¶ 12, 15.)  Before the vehicle was sold, Johnson attempted to retrieve it "by contacting ARS and IRS via the Consumer Financial Protection Bureau [the 'Bureau'] and Attorney General of Pennsylvania."  (*Id.* at ¶ 13.)  He argued that Defendants' repossession was unlawful because Bank of America "does not have an enforceable security interest in the motor vehicle . . . ."  (*Id.*)  He did not explain why Bank of America's interest in the vehicle is unenforceable.

On April 15, 2024, Johnson filed suit against ARS and IRS in this Court.  The operative Amended Complaint reiterates the arguments Johnson made to the Bureau and the Attorney General, claiming that Defendants violated § 1692f(6)(A) of the FDCPA when they repossessed the vehicle because Bank of America did not have enforceable security interest in the vehicle at that time.  (*Id.* at ¶ 20.)  Johnson also reasons that Defendants' cooperation in executing the repossession gives rise to actionable state law claims for civil conspiracy and conversion.  (*Id.* at ¶¶ 34, 29.)  Defendants now move to dismiss the Amended Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6), arguing that Johnson has failed to make specific factual allegations to support his assertion that Bank of America lacked an enforceable security interest in the vehicle, and therefore, his claims are not plausible.  (Doc. No. 13.)

## II.     LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  "Facial plausibility" is when a plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.*  This "plausibility standard" is not the same as a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Although a plaintiff does not need to include "detailed factual allegations" to survive a Rule 12(b)(6) motion, the plaintiff must "provide the grounds of his entitlement to relief" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted); *see also Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (explaining that the court "must accept the allegations in the complaint as true, but [is] not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation" (quotation marks omitted)).  In other words, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements are not entitled to an assumption of truth." *Ashcroft*, 556 U.S. at 678.  Instead, the operative complaint must contain *factual allegations* that "raise a right to relief above the speculative level." *Bell*, 550 U.S. at 555; *see also Ashcroft*, 556 U.S. at 678 (explaining that if "well-pleaded factual allegations" remain after the court has disregarded conclusory statements, the court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief").

**III.   ANALYSIS**

Because Johnson's FDCPA claim serves as the basis for this Court's subject matter jurisdiction, *see* 28 U.S.C. § 1331,[1] we begin by analyzing whether Johnson's Amended Complaint alleges a plausible violation of the statute.

---

[1] Because Johnson and IRS are both citizens of Pennsylvania (*see* Doc. No. 8 at ¶¶ 3, 5), this Court does not have diversity jurisdiction under 28 U.S.C. § 1332.  Instead, as Johnson acknowledges (*see id.* at ¶ 2), the Court has federal question jurisdiction over Johnson's FDCPA claim, *see* 28 U.S.C.

Congress passed the FDCPA to address the widespread use of abusive debt collection practices, which were contributing to societal ills like personal bankruptcies, marital instability, job loss, and invasions of individual privacy.  15 U.S.C. § 1692(a).  To accomplish this goal, § 1692k of the FDCPA imposes civil liability on debt collectors who engage in the abusive practices barred by the Act.  *See id.* § 1692k(a) ("[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . . .").  As relevant here, these abusive practices include "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is *no present right* to possession of the property claimed as collateral through an *enforceable security interest*."  15 U.S.C. § 1692f(6)(A) (emphases added).

"To state a claim under the FDCPA, a plaintiff must establish that:  (1) he or she is a consumer who was harmed by violations of the FDCPA; (2) [ ] the debt arose out of a transaction entered into primarily for personal, family, or household purposes; (3) [ ] the defendant collecting the debt is a 'debt collector'[;] and (4) [ ] the defendant violated, by act or omission, a provision of the FDCPA."  *Ishmael v. GM Fin. Inc.*, Case No. 2:22-cv-1095-JDW, 2022 WL 2073821, at *2 (E.D. Pa. June 9, 2022) (citing *Joensen v. Pressler & Pressler*, 731 F.3d 413, 417 (3d Cir. 2015)).  Defendants argue that the Amended Complaint fails to allege facts to support the fourth element—a violation of the FDCPA.  The Court agrees.

In the Amended Complaint, Johnson contends that Defendants violated § 1692f(6)(A) when they repossessed his vehicle on behalf of Bank of America, because Bank of America did not have an "enforceable security interest" in the vehicle at the time.  (Doc. No. 8 at ¶ 13).  But his factual allegations bely this contention.  As noted above, Johnson concedes that he purchased

---

§ 1331, and may exercise supplemental jurisdiction over Johnson's state law claims, *see id.* § 1367(a).

4

the 2019 Jaguar F-Pace from Jaguar Land Rover Willow Grove through a "Retail Installment Sales Contract." (*See* Doc. No. 8 at ¶7; Doc. No. 15-1 at 2.)  That contract outlined the amount financed by Johnson, the annual percentage rate on the financed amount, the number of payments to be made by Johnson, and, most importantly for our purposes, a conspicuous warning in bold font: **"If you do not meet your contract obligations, you may lose the vehicle."** (Doc. No. 15-1 at 2.)  A plain reading of the contract suggests that it granted the dealership an enforceable security interest in the Jaguar F-Pace, which included a right to repossession if Johnson failed to comply with his obligations under the contract.  Johnson alleges the dealership "immediately assigned" this contract "to Bank of America, N.A." (*See* Doc. No. 8 at ¶¶ 7–8.)  Johnson does not plead any facts that describe the terms of this assignment, challenge its validity, or otherwise indicate that Jaguar Land Rover Willow Grove's security interest in the vehicle did not properly transfer to Bank of America. (*See* Doc. No. 8 at ¶¶ 6–9.)  Instead, Johnson states in conclusory fashion that Bank of America lacked an enforceable security interest in the vehicle.  The Court has no obligation to take that assertion as true, *see Castleberry*, 863 F.3d at 263, especially not when the facts as alleged suggest otherwise.

Because Johnson has not sufficiently pleaded that Bank of America—and by extension, ARS and IRS—lacked a "present right to possession of the [Jaguar] claimed as collateral through an enforceable security interest," 15 U.S.C. § 1692f(6)(A), the Court grants Defendants' motion and dismisses Johnson's FDCPA claim without prejudice.  *See Ishmael*, 2022 WL 2073821, at *3 (finding the plaintiff failed to state a claim for violation of § 1692f(6) against the company that repossessed her vehicle where the plaintiff "acknowledges she signed the [Retail Installment Sale] Contract," which gave the dealership the right to repossess the vehicle if the plaintiff failed to make the required monthly payments, and the plaintiff failed to "plead[ ] facts to permit the

Court to infer that the Contract did not apply" or was otherwise invalid); *cf. Krajewski v. Am. Honda Fin. Corp.*, 557 F. Supp. 2d 596, 619 (E.D. Pa. 2008) (looking to the plaintiff's underlying contract with the creditor to determine whether the defendant repo company, "by virtue of its relationship with" the creditor, "had a present right to possess the car"); *Walker v. Int'l Recovery Sys., Inc.*, Civil Action No. 12–6488, 2013 WL 3380579, at *2 (E.D. Pa. July 8, 2013) (finding IRS's actions to repossess the plaintiff's car "could only be considered malfeasance" under § 1692f(6)(A) "if the loan agreement" between the plaintiff and the creditor "was illegal and, therefore, void.  If this is the case, [IRS] would have had no right to repossess the vehicle because it did not belong to [the creditor]").

Johnson's federal claims having been dismissed, the Court declines to continue to exercise supplemental jurisdiction over Johnson's state law claims.  *See* 28 U.S.C. § 1367.  Accordingly, these claims are also dismissed without prejudice.

### IV.     CONCLUSION

Defendants' motion to dismiss is granted.  Johnson will, however, be given an opportunity to amend his complaint if he can, in good faith, cure the deficiencies identified in this Memorandum.  An appropriate order follows.